**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIC BERG**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 C 7939 |
| | ) | |
| **NEW YORK LIFE INSURANCE COMPANY** | ) | |
| and **UNUM LIFE INSURANCE COMPANY** | ) | |
| **OF AMERICA**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On August 12, 2014 this Court issued its memorandum opinion and order ("Opinion") in response to the then-fully-briefed Fed. R. Civ. P. ("Rule") 16 motion by plaintiff Eric Berg ("Berg") seeking to narrow the issues posed by his breach of contract action against New York Life Insurance Company ("New York Life") and Unum Life Insurance Company of America (collectively referred to in the Opinion and here as "Insurers"). In that action Berg alleged that Insurers had violated their obligation to pay full disability benefits under the contractual terms of two insurance policies issued by New York Life.

In an odd sense, Berg's motion demonstrated the sardonic truth in Oscar Wilde's famous aphorism quoted below[1]: Berg's counsel got what he wanted (an issue-narrowing ruling), but the result was one that shot down Berg's substantive positions in a manner that foretokened the defeat of his lawsuit. It came as no surprise, then, that some months later Insurers filed a motion for summary judgment under Rule 56 in reliance on the rulings in the Opinion. In response,

---

[1] As Wilde put it in his play Lady Windemere's Fan:

> In this world there are only two tragedies. One is not getting what one wants, and the other is getting it.

Berg's lawyer, highly experienced in the field exemplified by this action,[2] has done himself credit by his candor -- although he continues to maintain the legal positions that he has advanced from the outset, he has confirmed that he has nothing further to offer in support of those positions that he did not present the first time around:

1. On the subject that his response captions as "Plaintiff Did Not Have To Be Under The Care Of A Doctor As Of His Alleged Disability Onset Date," the response concludes by stating:

   > Plaintiff does not have any additional arguments to present in addition to what he previously asserted in his motion to narrow the issues and supporting memorandum of law under Fed. R. Civ. P. 16.

2. As to the contention that he has labeled "Plaintiff's 'Regular Job' Under the Policies Is Pit Broker," he similarly concludes:

   > Nonetheless, Plaintiff has no further arguments or authorities to present on that point beside those presented in his motion to narrow the issues and supporting memorandum of law under Fed. R. Civ. P. 16.

3. In the same way, here is how he concludes the section of his response dealing with his argument that "Plaintiff's Total Disability Benefit Claim Dates Back To When He First Ceased Working As A Pit Broker":

   > Berg does not have any additional arguments to present or legal authority to cite in relation to the issues presented with respect to in his claim for total disability benefits.

4. As for what Berg's response refers to as "Plaintiff's Residual Disability Benefit Claim For April 2011," his counsel confirms that any potential

---

[2] Indeed, counsel is a regular contributor to The Chicago Daily Law Bulletin, producing highly informative columns on varied subjects in the field.

damages on that claim are de minimis, so that Berg no longer pursues the claim and does not contest the entry of summary judgment against him.

5. Finally, as to "Plaintiff's Claim For Relief Under 215 ILCS 5/155," Berg's counsel concludes:

> Nonetheless, Plaintiff is unable to meet his burden to of establishing a violation under 215 ILCS 5/155 in light of the Court's Opinion.

In sum, there is no genuine issue of material fact, and Insurers are entitled to a judgment as a matter of law. Accordingly Insurers' motion (Dkt. 75) is granted, and Berg's Second Amended Complaint and this action are dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 13, 2015